UNITED STATES of America,
Appellee,

v.

Rubens Jean EDOUARD, also known as Archibal, Defendant,

Frantz Saintilus, also known as Fanfan, Defendant–Appellant.

No. 05–2470–CR.

United States Court of Appeals,
Second Circuit.

March 16, 2006.

Jane Simkin Smith, Millbrook, NY, for Defendant–Appellant.

Scott B. Klugman, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, David C. James, Assistant United States Attorney, on the brief), for Appellee.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and DENNY CHIN,* District Judge.

## SUMMARY ORDER

Defendant-appellant Frantz Saintilus ("Saintilus") appeals from a judgment of conviction entered on May 17, 2005, by the District Court for the Eastern District of New York (Brady, *J.*). This judgment followed a jury trial in which Saintilus was convicted of conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii)(II). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Both parties correctly agree that it was error for the district court to apply the mandatory minimum sentence found in Section 841(b)(1)(B)(ii)(II) absent a finding that the quantity of cocaine seized was at least reasonably foreseeable to Saintilus. *See United States v. Martinez,* 987 F.2d 920, 923–26 (2d Cir.1993) (requiring reasonable foreseeability as a prerequisite to applying the statutorily prescribed mandatory minimum). Additionally, the government concedes in its brief that on remand, the district court should *not* apply the mandatory minimum.

Because we agree that the district court erred by not requiring a finding of reasonable foreseeability before subjecting Saintilus to Section 841(b)(1)(B)(ii)(II), we vacate Saintilus's sentence and remand with the directive that the district court should not apply Section 841(b)(1)(B)(ii)(II) in fashioning its sentence. Moreover, as the parties agreed at oral argument, the district court is not bound on remand by the prior Guidelines range. It is free to recalculate the range if it wishes.

Saintilus also argues that his counsel was ineffective because it "dropped the ball when it came to the issue of quantity with respect to the conspiracy." Defendant's Br. at 23. However, assuming, arguendo, that Saintilus's counsel's actions were objectively unreasonable in this respect, it could not have prejudiced Saintilus because it will not affect him in any way, given our vacatur of his sentence and our directive not to apply the statutory minimum. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring both objectively unreasonable conduct *and* prejudice to the defendant as a result). Saintilus's claim of ineffective assistance of counsel at both trial and sentencing relates to the issue of quantity and reasonable foreseeability; as both issues are now moot, so too is this claim.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby VACATED and the case REMANDED for re-sentencing.