**UNITED STATES, Appellee,**

v.

**Rubens Jean EDOUARD, also known as Archibal, Defendant,**

**Frantz Saintilus, also known as Fanfan, Defendant–Appellant.**

**No. 06–5647–cr.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2008.

---

Jane Simkin Smith, Millbrook, NY, for Petitioner.

Scott Klugman, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, and Emily Berger, Assistant United States Attorney, of counsel), Brooklyn, NY, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

After a jury trial in the United States District Court for the Eastern District of New York, Defendant–Appellant Frantz Saintilus was convicted of conspiring to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii)(II), and acquitted of possessing with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II). On remand from a judgment of this court, see *United States v. Edouard,* 170 Fed. Appx. 769 (2d Cir.2006), the district court sentenced Saintilus principally to a 51–month term of imprisonment. Saintilus again appeals his sentence. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented by this petition.

Saintilus argues, first, that the district court failed to make an independent factual finding as to the amount of cocaine that was reasonably foreseeable to him and, second, that his acquittal on the substantive count, in effect, precluded the district court from finding that, under the conspiracy, he was directly involved with one kilogram of cocaine. Both arguments fail.

"For purposes of sentencing, the amount of cocaine involved in an offense is an issue of fact which must be established by a preponderance of the evidence." *United States v. Wilson,* 11 F.3d 346, 355 (2d Cir.1993) (citation and internal quotation marks omitted). With respect to offenses involving controlled substances, "the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 cmt. n. 2.

After reviewing the record and hearing argument, the district court found that the taped conversations between Darius and Saintilus "support[ed] ... the statements that Mr. ... Ed[ou]ard testified to," Sent. Tr. 18:10–11, namely that Saintilus ... had accepted one kilogram of

cocaine from Darius in February 2003. The district court therefore found that "the amount of cocaine ... attributable to Mr. Saintilus [wa]s the one kilogram." Sent. Tr. 18:22–23. We conclude that this constituted an adequate, independent finding of fact by the district court as to the amount of cocaine reasonably foreseeable to Saintilus. To the extent the district court concluded that the trial evidence was sufficient to permit a jury to find that Saintilus had engaged in the February 2003 one-kilogram transaction, we are not persuaded that this indicates the court's misunderstanding of its obligation to make an independent finding, much less its failure to do so.

■ There is no substance to defendant's argument that his acquittal on the substantive count, in effect, precluded the district court from finding that he was directly involved with one kilogram of cocaine. It is clearly established in this Circuit that:

> district courts may find facts relevant to sentencing by a preponderance of the evidence, *even where the jury acquitted the defendant of that conduct*, as long as the judge does not impose (1) a sentence in the belief that the Guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury verdict, or (3) a mandatory minimum sentence under § 841(b) not authorized by the verdict.

*United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir.2005)(emphasis added). The district court committed no such errors here. Moreover, while the "district court[ ] should consider the jury's acquittal [during sentencing] when assessing the weight and quality of the evidence presented by the prosecution," *id.*, "there is no logical inconsistency in determining that a

preponderance of the evidence supports a finding about which there remains a reasonable doubt" in the minds of the jurors. *Id.* In the instant case, the district court found that the preponderance of the evidence supported a fact about which the jury had reasonable doubt, a holding that, under *Vaughn*, is not necessarily clearly erroneous.

Accordingly, the judgment of the district court is hereby AFFIRMED.